The defendant, L.H., appeals from the extension of a harassment prevention order (order) issued pursuant to G. L. c. 258E, § 3. Concluding that the order never should have issued, we reverse.
"In reviewing a civil harassment order under G. L. c. 258E, we consider whether the judge could find, by a preponderance of the evidence, together with all permissible inferences, that the defendant committed '[three] or more acts of willful and malicious conduct aimed at a specific person committed with the intent to cause fear, intimidation, abuse or damage to property and that [did] in fact cause fear, intimidation, abuse or damage to property.' " A.T. v. C.R., 88 Mass. App. Ct. 532, 535 (2015), quoting from G. L. c. 258E, § 1. Accord J.C. v. J.H., 92 Mass. App. Ct. 224, 227 (2017).
Here, the female plaintiff and male defendant live in adjoining apartments. The defendant is unhappy with the noise coming from the plaintiff's apartment and believes that the plaintiff intentionally bangs on the wall to disturb him. In response, he has repeatedly called the police to complain about the noise. The plaintiff did not specify in her testimony the number of times that the defendant called the police, but her affidavit (which the judge considered without objection) stated that the police responded to her apartment four times in an unspecified timeframe.[2] There is no evidence that the defendant at any point made any misrepresentations of fact to the police.
On February 7, 2017, both parties appeared in Boston Municipal Court seeking harassment prevention orders against each other. After hearing from both parties, the Boston Municipal Court judge denied the instant defendant's complaint and granted a six-month harassment prevention order to the instant plaintiff.[3]
This case is controlled by Gassman v. Reason, 90 Mass. App. Ct. 1 (2016). There, as here, a neighbor called the police four times to complain about noise. Id. at 4. We found that such complaints provide "no evidence that [the defendant] intended to cause any harm at all to [the plaintiff], much less that [the defendant] wilfully committed three or more acts, aimed at [the plaintiff], each with the intent to cause fear, intimidation, abuse, or damage to property." Id. at 9. "Nor can repeated complaints about noise from the upstairs apartment reasonably be described as intimidation, intending to cause fear of physical harm or damage to property." Ibid. As the evidence here fell far short of that required to support the issuance of a harassment prevention order, the order should not have issued.
Order dated February 7, 2017, reversed.

During argument, the plaintiff stated that it was six or seven times over two months. Even if this could be considered evidence, it would not change our analysis.

The judge's adjudication was hampered by the unprofessional conduct of the plaintiff's attorney. It should be noted that counsel appropriately expressed her deep regret for this conduct both in her briefing and in oral argument before this court.